NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| O.V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 24-8791 (SRC) <br><br> OPINION |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff O.V. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 78.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 20, 2020. A virtual hearing was held before ALJ Karen Shelton (the "ALJ") on October 17, 2023, and the ALJ issued an unfavorable decision on January 10, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of January 10, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with certain additional exertional limitations, including limited climbing, no commercial driving, and no exposure to unprotected heights or hazardous machinery. At step four, the ALJ also found that Plaintiff is able to perform his past work as a commercial cleaner or as a telephone sales representative. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two principal arguments: (1) the ALJ erred as she did not support with substantial evidence her assessment of Plaintiff's condition subsequent to a March 7, 2023 accident, and (2) the ALJ erred as she did not support with substantial evidence her assessment of Plaintiff's headaches.

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the

2

error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff argues that the ALJ failed to duly consider the functional impact of the March 7, 2023 accident in evaluating Plaintiff's claims. Further, Plaintiff argues that at the Administrative Hearing, the ALJ acknowledged that there may be missing records related to the March 7, 2023 accident, but erred by not further considering this fact.

Plaintiff's case on appeal suffers from two principal defects: (1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and (2) its failure to deal with the harmless error doctrine. The crux of the issue with Plaintiff's argument is found in Shinseki which states that it is not enough to merely show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was also harmed by this error.

Contrary to Plaintiff's argument, the record reflects that the ALJ did consider Plaintiff's musculoskeletal issues after the March 2023 injury. The ALJ noted that, on March 7, 2023, Plaintiff sustained an injury when a store employee pushed a large cart carrying boxes into his left side (Tr. 23, citing exhibit 7F; *see* Tr. 483) and that when Plaintiff saw his primary care physician the next day with complaints of pain in the left shoulder and knee, he was prescribed medication without improvement (Tr. 23, citing exhibit 6F; *see* Tr. 440, 444, 447, 450). However, as the ALJ also noted, Plaintiff experienced improved symptoms after four physical therapy visits (Tr. 23, citing exhibits 6F, 7F; *see* Tr. 451, 476-77, 479). Plaintiff fails to cite to any evidence in the record which was not reviewed and should have been considered by the ALJ

3

and which, if credited, would support a conclusion that Plaintiff's alleged musculoskeletal issues are severe enough to constitute a disability.

Further, although Plaintiff argues that the ALJ erred by not further considering the fact that some records pertaining to the March 7, 2023 incident may be missing, Plaintiff fails to explain why he did not produce such records to be considered by the ALJ. Plaintiff bears the burden of proving disability at the first four steps. It is not the responsibility of the Commissioner to obtain records that Plaintiff, who was represented by counsel, did not produce.

Moreover, Plaintiff's argument on this point is based only on speculation about the contents of unspecified medical records following the accident. Plaintiff does not allege any actual disabling impairment resulting from the accident. As a result, Plaintiff has failed to demonstrate: 1) that the accident resulted in a disabling impairment; 2) that specific medical records exist that evidence that disabling impairment; and 3) that it was the ALJ's responsibility to obtain such records and that Plaintiff suffered material prejudice because the ALJ did not obtain them. Instead, Plaintiff has offered only conjecture. Plaintiff has not demonstrated that he was harmed by the absence of particular medical records, particularly as the ALJ made clear that the existing record reflects improvement reported by Plaintiff himself as it relates to his March 2023 injury. Further, as to overlooking medical evidence, the question on review is whether consideration of the overlooked evidence might have changed the outcome. The ALJ had substantial evidence to support her finding that Plaintiff's musculoskeletal health following the March 2023 injury did not cause the degree of limitation alleged by Plaintiff. Plaintiff has failed to point to evidence in the record to prove otherwise, or to prove that the ALJ's review of the alleged missing records would have changed the outcome. This Court finds that the ALJ's

conclusion is supported by substantial evidence in the record.

Plaintiff also argues that the ALJ did not support with substantial evidence her assessment of Plaintiff's headaches. Plaintiff argues that the ALJ failed to provide a valid or well-reasoned basis for excluding the limitations resulting from the headaches in her residual functional capacity ("RFC") determination at step four. Plaintiff seems to be asking this Court to re-weigh evidence the ALJ already considered. However, the ALJ incorporated the record evidence in the RFC conclusion, and such evidence included Plaintiff's visits to various specialists for his headaches: "The current medical evidence of record, has shown that no other medically determinable impairments have caused functional limitations consistently for 12 months, other than low vision." (Tr. 24.) Plaintiff fails to cite to any evidence in the record to substantiate functional limitations produced by the headaches that would render Plaintiff unable to work, or would have changed the outcome of his case. See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (holding that allegations of pain and other subjective symptoms must be supported by objective medical evidence).

Accordingly, Plaintiff has failed to persuade this Court that the ALJ erred in this decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    /s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 15, 2025